

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. B. Ritchey, Jr.
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

Opinion No. O-3239
Re: Jasper County, Texas, has
no authority to expend county
funds to erect a building for
National Youth Administration
purposes.

Your request for opinion upon the following stated
question:

"Whether or not Jasper County is permitted
under the Constitution and laws of the State of
Texas to provide for and erect a building on
the County's property for National Youth Admin-
istration (N. Y. A.) purposes, and to pay the
cost of the same out of the Permanent Improve-
ment Fund of said County."

has been received and carefully considered by this department.

Article 8, Section 9, of our State Constitution, reads
as follows:

"The State tax on property, exclusive of the
tax necessary to pay the public debt, and of the
taxes provided for the benefit of the public free
schools, shall never exceed thirty-five cents on
the one hundred dollars valuation; and no county,
city or town shall levy more than twenty-five
cents for city or county purposes, and not exceed-
ing fifteen cents for roads and bridges, and not

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. B. Ritchey, Jr., Page 2

exceeding fifteen cents to pay jurers, on
the one hundred dollars valuation, except
for the payment of debts incurred prior to
the adoption of the amendment September 25th,
1883; and for the erection of public build-
ings, streets, sewers, water works and
other permanent improvements, not to exceed
twenty-five cents on the one hundred dol-
lars valuation, in any one year, and except
as is in this Constitution otherwise provided;
and the Legislature may also authorize an
additional annual ad valorem tax to be levied
and collected for the further maintenance of
the public roads; provided, that a majority
of the qualified property tax-paying voters of
the county voting at an election to be held
for that purpose shall vote such tax, not to
exceed fifteen cents on the one hundred dol-
lars valuation of the property subject to
taxation in such county. And the Legislature
may pass local laws for the maintenance of
the public roads and highways, without the
local notice required for special or local
laws."

Article 2351, Vernon's Annotated Texas Civil Stat-
utes, sets forth the following power and duty of the Commis-
sioners' Court:

". . ."

"7. Provide and keep in repair court-
houses, jails and all necessary public build-
ings. . . ."

Article 2352, Vernon's Annotated Texas Civil Stat-
utes, refers to the tax for "erection of public buildings"
by the Commissioners' Court:

"Said court shall have the power to levy
and collect a tax for county purposes, not to
exceed twenty-five cents on the one hundred dol-
lars valuation, and a tax not to exceed fifteen
cents on the one hundred dollars valuation to
supplement the jury fund of the county, and not
to exceed fifteen cents for roads and bridges
on the one hundred dollars valuation, except for
the payment of debts incurred prior to the adoption

Honorable R. B. Ritchey, Jr., Page 3

of the amendment to the Constitution, September 25, A. D. 1883, and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided. They may levy an additional tax for road purposes not to exceed fifteen cents on the one hundred dollar valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Section 9, of the Constitution and in pursuance of the laws relating thereto."

Article 5, Section 18, of our State Constitution, reads as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioner's Court, provided for by this Constitution. In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8000 or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

Honorable R. B. Ritchey, Jr., Page 4

County Commissioners' Courts have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. Edwards County v. Jennings, 33 S. W. 585; Moore v. McLennan County, 275 S. W. 478; El Paso County v. Elam, 106 S. W. (2d) 393.

"The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties." 11 Tex. Juris. 563.

It has been well established that the jurisdiction of Commissioners' Courts is limited to strictly "county business", and the Legislature has no authority to enlarge their powers or jurisdiction. Sun Vapor Electric Light Co. v. Keenan, 88 Tex. 197, 30 S. W. 868.

This department has held that the term "necessary public buildings" means public buildings essential for the conduct of strictly "county business". See opinion No. O-1952 of this department. We quote from opinion No. O-1952 as follows:

"Construing Section 9 of Article 8 of the Texas Constitution and Section 7 of Article 2351, supra, in conjunction with all the other statutes relating to the powers of the county commissioners' court and in the light of the necessity of the court acting within the sphere of its powers and duties conferred upon it, it is our opinion that public buildings mean 'necessary public buildings' and that 'necessary public buildings' mean public buildings essential for the conduct of strictly 'county business'; . . .

"We believe that the proposed building (a building to house the Federal A A A office, etc.) described in your letter of request is a 'public building' in the broadest sense of the term. . . . But we do not believe it is a public building necessary for the purpose of county business within the purview of Section 7 of Articles 2351 . . ." (Underscoring ours)

Honorable R. B. Ritchey, Jr., Page 5

In accordance with the court decisions of this State, we have consistently and repeatedly ruled that county Commissioners' Courts may not legally expend or appropriate county funds for purposes unauthorized by the Constitution or statutory law.

For example, Opinion No. O-591 of this department held that the Commissioners' Court of Galveston County, Texas, was without authority to expend county funds for the employment of life guards for Galveston Beach; Opinion No. O-1085 of this department held that the Commissioners' Court of Marion County, Texas, was without authority to pay the salary of a game warden; Opinion No. O-1899 of this department held that the Commissioners' Court of Bexar County, Texas, was without authority to expend county funds for fire protection of portions of the county lying outside of the city of San Antonio, and that the county could not contract with the city of San Antonio to furnish such fire protection for such portions of the county; and Opinion No. O-1001 of this department held that the Commissioners' Court could not legally make donations to the Tuberculosis Association, to the American National Red Cross or to any other charitable organization making request for such donations, and Opinion No. O-1779 holding that the county Commissioners' Court does not have the authority to purchase a site for a donation to the United States Government for purposes of a military reservation, and Opinion No. O-1260 holding that a county Commissioners' Court is not authorized to make a donation of $3,500.00 toward the purchase price of a tract of land to be used for National Guard Unit, county fairs and other public celebrations where the balance of the purchase price and all subsequent expenses will be paid by the city.

Opinion No. O-2842 of this department holds that Anderson County, Texas, has no authority to participate with county funds with the city of Palestine and the Palestine Independent School District in the construction of a building to house a Federal National Youth Administration project. We enclose herewith a copy of said opinion.

We think Opinion No. O-2842 is correct. It is also our opinion that the proposed building is not a "necessary public building" essential for the conduct of strictly "county business".

Honorable R. B. Ritchey, Jr., Page 6

Your question is therefore answered in the negative.

We wish to thank you for your able brief upon this matter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:CO

ENCLOSURE

APPROVED APR 2, 1941

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE